TRINETTE G. KENT (State Bar No. 222020)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Nitzkin & Associates
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Ryan McDonnell,*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTERN DISTRICT

| | |
|---|---|
| Ryan McDonnell, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation. | **JURY TRIAL DEMAND** |
| Defendant. | |

1

NOW COMES THE PLAINTIFF, RYAN MCDONNELL, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Irvine, Orange County, California.

4. Venue is proper in the Central District of California, Southern Division.

## PARTIES

5. The Defendant to this lawsuit is Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Los Angeles County, California.

## **GENERAL ALLEGATIONS**

6. On or about May 6, 2015, Plaintiff obtained his Experian credit file and noticed inaccuracies on the following trade lines ("Errant Trade Lines"):

   a. Ad Astra, Account Number: 3459813XXXX;
   b. Afni, Account Number: 1054701010XXXX;
   c. Caine & Weiner, Account Number: 6425414XXXX;
   d. Caine & Weiner, Account Number: 6497523XXXX;
   e. California Federal Court, Docket Number: 711681XXXX;
   f. Cap One, Account Number: 515599002006XXXX;
   g. Cashcall, Account Number: 6244022XXXX;
   h. First Premier, Account Number: 5433628888081944XXXX;
   i. Gateway Bank, Account Number: 20110546015136XXXX;
   j. Hunter Warfield, Account Number: 6079652XXXX;
   k. Medicredit, Account Number: 20906444XXXX;
   l. Mufg Unbk NA, Account Number: bos0631523503XXXX;
   m. Orange County Recorder, Docket Number: sq2006000373351;
   n. Orange County Recorder, Docket Number: sq2009000421870;
   o. Orange County Recorder, Docket Number: sq2009000670249;
   p. Orange County Recorder, Docket Number: sq2011000542641;
   q. Orange County Recorder, Docket Number: sq2013000413878;
   r. Orange County Recorder, Docket Number: sq2013000456326;
   s. So Calif Edison, Account Number: 262614415XXXX; and
   t. West Asset, Account Number: 18390869XXXX.

7. On or about May 13, 2015, Mr. McDonnell submitted a letter to Experian, disputing the Errant Trade Lines.

8. On or about May 26, 2015, Mr. McDonnell received a letter from Experian, stating that it received a suspicious request and determined that it was not sent by Mr. McDonnell. Experian stated that it would not be initiating any disputes

based on the suspicious correspondence and that it would apply this same policy to any future suspicious requests that it received.

9. Experian refused to investigate Mr. McDonnell's dispute, in violation of the Fair Credit Reporting Act.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

10. Plaintiff realleges the above paragraphs as if recited verbatim.

11. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. McDonnell as that term is defined in 15 USC 1681a.

12. Such reports contained information about Mr. McDonnell that was false, misleading, and inaccurate.

13. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. McDonnell, in violation of 15 USC 1681e(b).

14. After receiving Mr. McDonnell's consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

15. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. McDonnell has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

16. Experian is liable to Mr. McDonnell by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. McDonnell as that term is defined in 15 USC 1681a.

19. Such reports contained information about Mr. McDonnell that was false, misleading, and inaccurate.

20. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or

more third parties pertaining to Mr. McDowell, in violation of 15 USC 1681e(b).

21. After receiving Mr. McDowell's consumer dispute to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

22. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. McDowell has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

23. Experian is liable to Mr. McDowell by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: June 23, 2016

                              KENT LAW OFFICES


                    By:   */s/  Trinette G. Kent*
                          Trinette G. Kent
                          Attorneys for Plaintiff,
                          Ryan McDonnell